# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JUAN FRANCESCHINI on his own behalf**
**and on behalf of all others similarly situated,**

**Plaintiff,**

-vs-                                                        Case No.  6:06-cv-1283-Orl-31DAB

**ALLSTATE FLORIDIAN INSURANCE**
**COMPANY,**

**Defendant.**

_____

# ORDER

This matter comes before the court on Defendant's Motion to Dismiss (Doc. 8) and Plaintiff's Response thereto (Doc. 15).

**I. Background**

Plaintiff, Juan Franceschini ("Franceschini"), was, at all times relevant to this action, insured under a homeowner's policy issued by Defendant, Allstate Floridian Insurance Company ("Allstate"). (Doc. 2 at 4).[1]

On August 13, 2004, Plaintiff's home in Orlando, FL was damaged by Hurricane Charley, a Category Four hurricane. (Doc. 2 at 4).  Plaintiff then submitted a claim to Allstate for $33,000 of which Defendant has only paid $19,693.97. (Doc. 2 at 4).  Defendant has refused to pay the rest of the claim unless Plaintiff demonstrates that the estimate is "reasonable." (Doc. 2 at 4; Doc. 8 at 3).

---

[1] Doc. 2 refers to Plaintiff's Amended Complaint.

Plaintiff alleges, however, that Allstate has underpaid claims relating to hurricane damage as the result of a scheme to defraud. (Doc. 2 at 11). In short, Plaintiff alleges that Allstate used a software program to generate its claim awards, and that Allstate intentionally manipulated the program to undervalue the costs of repair. (Doc. 2 at 11). Plaintiff also alleges that Allstate trained its employees not to deviate from the figures produced by this tainted software. (Doc. 2 at 11).

Plaintiff brings this action on behalf of himself and as representative of a class of individuals who own property in Florida that is insured under an Allstate policy and who received payment from Allstate as a result of the use of the loss estimating software. (Doc. 2 at 5).

## II. Standard of Review

In ruling on a motion to dismiss, this Court must view the complaint in the light most favorable to the plaintiff, and must limit its consideration to the pleadings and any exhibits attached thereto. *Scheuer v. Rhodes*, 416 U.S. 232 (1974); Fed. R. Civ. P. 10(c). The Court will take the complaint's allegations as admitted by the defendant and will liberally construe them in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The Court will not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that the plaintiff cannot prove any set of facts that support a claim for relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12 (b)(6)"), "courts must be mindful that the Federal Rules require only that the complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief." *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th

Cir. 2003) (*citing* FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Id.* (internal citation and quotation omitted).

### III. Legal Analysis

*A) Count One: Breach of Contract*

"The elements of a breach of contract action are: (1) a valid contract; (2) a material breach; and (3) damages." *American Color Graphics, Inc. v. Brooks Pharmacy, Inc.,* 2006 WL 539543, *3 (M.D.Fla. March 6, 2006). In order to allege a material breach, the plaintiff must indicate which term of its contractual duties the defendant has failed to perform.

Plaintiff's complaint sufficiently alleges all three elements of a breach of contract claim. The valid contract involved is the insurance policy Plaintiff purchased from Allstate. The material breach alleged is the failure to pay out claims as Allstate was required to do under the contract. The damage is the amount that the Plaintiff was entitled to under the contract (presumably the cost of repairs: $33,000) minus the amount actually paid to Plaintiff by Allstate.

Fed. R. Civ. P. 8 requires notice pleading, which is merely intended to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512 (2002). Plaintiff's Complaint provides Allstate with adequate allegations to put Allstate on notice as to the claims that are being made against it.

Defendant's motion argues that Plaintiff's breach of contract claim is actually a "bad faith" claim, arising under Fla. Stat. § 624.155, and therefore Plaintiff must comply with the notice

requirements of that statute. However, Plaintiff's complaint makes no mention of this statute. Plaintiff's claim is styled as a common law breach of contract claim, which is specifically *not* precluded by the statute to which Defendant refers. *See* Fla. Stat. § 624.155(6). Therefore, whether or not Plaintiff has complied with the procedural components of Fla. Stat. § 624.155 is irrelevant.

      *B) Count Two: Florida Deceptive and Unfair Trade Practices Act.*

Plaintiff's second count is brought under Fla. Stat. §§ 501.201 *et seq.,* entitled the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). Defendant's argue that this claim should fail because FDUTPA specifically excludes actions against insurance companies.

Fla. Stat. § 501.212(4) states that FDUTPA does not apply to "[a]ny person or activity regulated by the laws administered by the former Department of Insurance which are now administered by the Department of Financial Services." The plain language of this statute indicates that FDUTPA claims may not be brought against insurance companies. Furthermore, Plaintiff has failed to address this issue in its Response.

Therefore, Count Two of Plaintiff's Amended Complaint will be dismissed.

      *C) Count Three: Unjust Enrichment*

In the alternative to the breach of contract claim, Plaintiff seeks relief under the quasi-contract theory of unjust enrichment. The elements of unjust enrichment are: (1) a benefit conferred on Defendant, with his knowledge, by Plaintiff, (2) voluntary acceptance and retention of the benefit by Defendant, and (3) circumstances which make it inequitable for Defendant to retain that benefit. *See Nova Information Systems, Inc. v. Greenwich Insurance Co.,* 365 F.3d 996, 1006-07 (11th Cir. 2004). Plaintiff has alleged all three of these elements.

However, "[i]t is blackletter law that the theory of unjust enrichment is equitable in nature and is, therefore, not available where there is an adequate legal remedy." *In re Managed Care Litigation*, 185 F. Supp. 2d 1310, 1337 (S.D. Fla. 2002) (internal citation and quotations omitted). In this instance, Plaintiff has not alleged that an adequate remedy at law is unavailable. Even though Fed. R. Civ. P. 8(e)(2) allows plaintiffs to plead inconsistent claims in the alternative, "an unjust enrichment claim can only be pled in the alternative if one or more of the parties contest the existence of an express contract governing the subject of the dispute." *Id.* at 1337-38 (internal citation and quotations omitted).

As it is undisputed that a legally enforceable, express contract exists between the parties, Count Three must be dismissed as well.

*D) Class Action Claims*

Finally, Allstate challenges Plaintiff's Class Representation Allegations. However, Plaintiff has not yet made its application for class certification. At this stage, Plaintiff has sufficiently alleged the requirements for class certification under Fed. R. Civ. P. 23 to survive a motion to dismiss. This Court will not decide the issue of class certification until an application for class certification has been filed by the Plaintiff pursuant to Local Rule 4.04.

**IV. Conclusion**

For the reasons stated herein, it is

**ORDERED** that Defendant's Motion to Dismiss (Doc. 8) is **GRANTED** in part and **DENIED** in part. Counts Two and Three of Plaintiff's Amended Complaint are **DISMISSED**. Plaintiff shall submit a Second Amended Complaint within ten (10) days of this order.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 24, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party