**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JUAN FRANCESCHINI on his own behalf**
**and on behalf of all others similarly situated,**

**Plaintiff,**

-vs-                                            Case No. 6:06-cv-1283-Orl-31JGG

**ALLSTATE FLORIDIAN INSURANCE**
**COMPANY,**

**Defendant.**

## ORDER

This matter comes before the court on Defendant's Motion to Strike Allegations Incorporated in Count I and Motion to Dismiss Counts II and III of Plaintiff's Second Amended Complaint (Doc. 23) and Plaintiff's Response thereto (Doc. 24).

**I. Background**

Plaintiff, Juan Franceschini ("Franceschini"), was, at all times relevant to this action, insured under a homeowner's policy issued by Defendant, Allstate Floridian Insurance Company ("Allstate"). (Doc. 22 at 4).[1]

On August 13, 2004, Plaintiff's home in Orlando, FL was damaged by Hurricane Charley, a Category Four hurricane. (Doc. 22 at 4). Plaintiff then submitted a claim to Allstate for $33,000 of which Defendant has only paid $19,693.97. (Doc. 22 at 4).

---

[1]Doc. 22 refers to Plaintiff's Second Amended Complaint.

Plaintiff alleges, however, that Allstate has underpaid claims relating to hurricane damage as the result of a scheme to defraud. (Doc. 22 at 1-2). In short, Plaintiff alleges that Allstate used a software program to generate its claim awards, and that Allstate intentionally manipulated the program to undervalue the costs of repair. (Doc. 22 at 11). Plaintiff also alleges that Allstate trained its employees not to deviate from the figures produced by this tainted software. (Doc. 22 at 12).

> Plaintiff brings this action on behalf of himself and as representative of a class
>
> of all persons insured under Allstate Floridian's property insurance, including homeowners and condominium insurance, within the State of Florida who sustained property damage to their residential building structures, including as a result of any of the four hurricanes that struck the state in 2004 and/or the two hurricanes that struck the state in 2005, and whose losses and resulting offers of settlement were computed by Defendant using its "Integriclaim" loss estimating software. The Class involves only residential building structures located in the State of Florida.

(Doc. 22 at 2). Plaintiff alleges three counts in the Second Amended Complaint, however, Plaintiff has abandoned Count II (Doc. 24 at 4, n2). Therefore, this Court will only address Count I, claiming breach of contract, and Count III, seeking declaratory and injunctive relief.

## II. Motion to Dismiss Count III

*A) Standard of Review*

In ruling on a motion to dismiss, this Court must view the complaint in the light most favorable to the plaintiff, and must limit its consideration to the pleadings and any exhibits attached thereto. *Scheuer v. Rhodes*, 416 U.S. 232 (1974); Fed. R. Civ. P. 10(c). The Court will take the complaint's allegations as admitted by the defendant and will liberally construe them in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The Court will not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that the plaintiff cannot

prove any set of facts that support a claim for relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12 (b)(6)"), "courts must be mindful that the Federal Rules require only that the complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief." *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (*citing* FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Id*. (internal citation and quotation omitted).

    *B) Legal Analysis*

Count III is a claim for declaratory and injunctive relief. "Irreparable harm and lack of an adequate remedy at law are both prerequisites to injunctive relief. For injunctive relief purposes, irreparable harm is not established where the potential loss can be adequately compensated for by a monetary award. In the instant case, [Plaintiff's] ability to obtain a money judgment against [Defendant] should a breach of contract be proven, is an adequate remedy at law." *B.G.H. Ins. Syndicate, Inc. v. Presidential Fire & Casualty Co.*, 549 So. 2d 197, 198 (Fla. 3rd DCA 1989)(internal citations omitted).

Plaintiff argues that monetary relief is not a sufficient remedy because Allstate will continue to use the same computer program to determine settlement amounts. However, each time

Allstate determines a settlement amount for a claim, it is subject to a breach of contract claim by its insured if that amount is inadequate under the terms of the contract. If Allstate chooses to defend these claims rather than refine its method of calculation, it is free to do that. Each insured, including Plaintiff, is always free to enforce their rights under the contract in court, and if a breach is proven, each insured will have an adequate remedy at law.

Therefore, Plaintiff's allegations do not support a claim for declaratory or injunctive relief and Count III will be dismissed.

### III. Motion to Strike Allegations Incorporated in Count I

Defendant also moves to

> strike the following paragraphs in their entirety (2; 3; 5; 19(c)-(k); and 33-60); and the quoted portions of the following paragraphs (4--"and whose losses and resulting offers of settlement were computed by Defendant using its "Integriclaim" loss estimating software); (14— "However, due to the Defendant's conduct described herein, including the preset pricing structures Defendant inserted into its Integriclaim software"); (17—"the amount of which was calculated by utilizing Allstate Floridian's "Integriclaim" loss estimating software"); (20—"calculated with Allstate's loss estimating software"); and, (23—"and because, in applying the Integriclaim software and its present pricing structures to the Class") [of] Plaintiff's Second Amended Complaint, which are incorporated by reference into Count I, because they are irrelevant to the breach of contract claim.

(Doc. 23 at 7).

   *A) Standard of Review*

Under the Federal Rules of Civil Procedure, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored. *Smith v. Brevard County,* 461 F.Supp. 2d 1243, 1247 n2 (M.D. Fla. 2006). However, when the allegations are prejudicial to the

opposing party, and irrelevant to the asserted claims, they should be stricken. *See Halifax Paving Inc. v. U.S. Fire Ins. Co.*, 2006 WL 3708090 at *2 (M.D. Fla. December 14, 2006).

      *B) Legal Analysis*

Count I alleges a claim for breach of contract. "The elements of a breach of contract action are: (1) a valid contract; (2) a material breach; and (3) damages." *American Color Graphics, Inc. v. Brooks Pharmacy, Inc.,* 2006 WL 539543, *3 (M.D. Fla. March 6, 2006). Defendant's motive and/or method of breach are irrelevant to the cause of action. Therefore, Plaintiff's allegations in paragraphs 2, 5, 19(c) through 19(k), and 33 through 39, 43 through 56, and 58 through 60, are in no way relevant to the breach of contract claim, which is the only valid claim alleged. These paragraphs, in general, contain allegations of intentional and fraudulent conduct by Allstate that, in addition to being immaterial, are also scandalous. However, the allegations in the remaining paragraphs are not prejudicial to Defendant and need not be stricken. Therefore, only paragraphs 2, 5, 19(c) through 19(k), 33 through 39, 43 through 56, and 58 through 60 of Plaintiff's Second Amended Complaint will be stricken.

**IV. Conclusion**

Accordingly, it is

**ORDERED** that Defendant's Motion to Strike Allegations Incorporated in Count I and Motion to Dismiss Counts II and III of Plaintiff's Second Amended Complaint (Doc. 23) is **GRANTED** in part and **DENIED** in part.  Counts II and III of Plaintiff's Second Amended Complaint are **DISMISSED** with prejudice and paragraphs 2, 5, 19(c) through 19(k), 33 through 39, 43 through 56, and 58 through 60 of Plaintiff's Second Amended Complaint are **STRICKEN**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 27, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party